IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARON C.,

        Plaintiff,

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

No. 2:25-cv-00204-CL

OPINION AND ORDER

CLARKE, Magistrate Judge:

Plaintiff Caron Cox seeks judicial review of a final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits under Title II. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also* Pl.'s Soc. Sec. Br. 1, ECF No. 9.

Plaintiff alleges that the Administrative Law Judge: (1) failed to develop the record and denied Plaintiff due process; (2) erroneously dismissed two of Plaintiff's severe impairments as groundless at step two; (3) failed to conduct an adequate evaluation at step three and failed to find Plaintiff disabled as meeting or equaling a listing; (4) rejected Plaintiff's disabling allegations absent clear and convincing reasons; and (5) failed to conduct an adequate evaluation at step five. Pl.'s Soc. Sec. Br. 8.

Because the ALJ's determination is supported by substantial evidence and free from legal error, the Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits is **AFFIRMED**.

1 – Opinion & Order

## PRIOR PROCEEDINGS

In July 2021, Plaintiff Caron Cox protectively filed an application for Disability Insurance Benefits ("DIB") under Title II, alleging a disability onset date of October 1, 2020. Tr. Soc. Sec. Admin. Rec. ("Tr.") 10, 12, 225–33, ECF No. 8. Her date last insured is March 31, 2013. *Id.*

After Plaintiff's claim was denied, she requested a hearing. Tr. 117. On October 31, 2023, the ALJ and Plaintiff's Counsel agreed to postpone the hearing so Plaintiff could obtain medical records predating her date last insured.[1] *Id.* 78. Plaintiff's telephonic hearing took place on March 26, 2024, and shortly after, the ALJ denied her claim for DIB. *Id.* 10, 22, 29–68.

The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listing. Tr. 16. The ALJ also found that Plaintiff— unable to perform any past relevant work—had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with some listed exceptions. *Id.* 17, 20. Finally, the ALJ determined that Plaintiff could have performed jobs that existed in significant numbers in the national economy. *Id.* 21. The ALJ concluded that Plaintiff "was not under a disability, as defined in the Social Security Act, at any time from October 1, 2020, the alleged onset date, through March 31, 2013, the date last insured." *Id.* 22.

The Appeals Council found no basis for changing the ALJ's denial of benefits, rendering her decision the Commissioner's final determination in Plaintiff's case. Tr. 1–6.

## LEGAL STANDARD

After the Appeals Council declines to review an ALJ's decision, it becomes the Commissioner's final determination. *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).

---

[1] Plaintiff maintains that her Counsel and the ALJ had an off-the-record discussion changing her alleged onset date from October 1, 2020, to March 31, 2013, the same date as her date last insured. Pl.'s Soc. Sec. Br. 1. The discussion was never memorialized. *Id.*

2 – Opinion & Order

A claimant can then seek judicial review. § 405(g); *see also Bass*, 872 F.2d at 833 (holding a claimant's failure to exhaust the prescribed administrative procedures deprives the district court of jurisdiction).

On appeal, a district court reviews whether "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *see also Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) ("A decision by the Commissioner to deny disability benefits will not be overturned unless it is either not supported by substantial evidence or is based upon legal error.").

Substantial evidence is "'more than a mere scintilla but less than a preponderance.'" *Tackett*, 180 F.3d at 1098 (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). It is enough evidence for a reasonable person to accept as "'adequate to support a conclusion.'" *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the evidence is in equipoise, "'the court may not substitute its judgment for that of the ALJ.'" *Tackett*, 180 F.3d at 1098 (quoting *Matney*, 981 F.2d at 1018).

A district court considers the record as a whole, "weighing both the evidence that supports and detracts from" the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). But because "Congress 'places a premium upon agency expertise,'" courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). A reviewing court cannot affirm the Commissioner's decision "'on a ground that the agency did not invoke in making its decision.'" *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (quoting *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)).

## DISCUSSION

Plaintiff presents five issues: (1) whether the ALJ failed to develop the record and failed to afford Plaintiff due process; (2) whether the ALJ harmfully erred at step two by dismissing Plaintiff's obstructive sleep apnea and osteoarthritis as groundless; (3) whether the ALJ erred at step three by failing to find Plaintiff disabled as meeting or equaling a listing; (4) whether the ALJ properly conducted a credibility evaluation; and (5) whether the ALJ conducted an adequate analysis at step five. Pl.'s Soc. Sec. Br. 8.

### I.    Whether the ALJ failed to develop the record and denied Plaintiff due process.

Plaintiff alleges that the ALJ did not properly consider evidence predating her date last insured, "poisoning the entire decision." Pl.'s Soc. Sec. Br. 11. Plaintiff also avers the ALJ's failure to call a medical expert denied her due process. *Id.* 11–12.

It is true that ALJs have a duty to "develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). This duty arises when there is "ambiguous evidence" or when the record is too spotty to "allow for proper evaluation of the evidence." *Id.* at 460.

Specifically, when "the ALJ must determine the date of disability onset and medical evidence from the relevant time period is unavailable or inadequate," the ALJ should call a medical advisor. *Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017) (citation omitted). Here, the record contains medical evidence from the relevant period—before March 31, 2013. *See, e.g.,* Tr. 838–1059. In fact, Plaintiff's Counsel and the ALJ continued her hearing date so Plaintiff could obtain records predating the date last insured. *Id.* 78. Plaintiff does not argue that such records are ambiguous or inadequate. *See* Pl.'s Soc. Sec. Br. 10–12.

4 – Opinion & Order

Plaintiff must establish that she was disabled before her date last insured—March 31, 2013. *Webb v. Barnhart*, 433 F.3d 683, 685 (9th Cir. 2005) (identifying the relevant period for assessing disability status as prior to a claimant's date last insured). Plaintiff identified a disability onset date of October 1, 2020, which the ALJ found to be a constructive admission that her disability did not begin prior to her date last insured. Tr. 12, 271. Even so, the ALJ explicitly stated that she—"in the interests of judicial economy and efficiency"—considered objective medical evidence predating March 31, 2013. Tr. 12.

Plaintiff contends that the ALJ's failure to amend Plaintiff's alleged onset date to March 31, 2013, shows that the ALJ "failed to adequately consider [the amended date] in her decision." Pl.'s Soc. Sec. Br. 11. This Court disagrees. The ALJ made findings "regarding the period to her last date insured" for Plaintiff's benefit. Tr. 12. The Court concludes that the ALJ proceeded as though Plaintiff had alleged an onset date of March 31, 2013, or earlier. Substantial evidence supports the ALJ's reliance on the existing record to determine Plaintiff's claim.

## II.    Whether the ALJ harmfully erred at step two by dismissing two of Plaintiff's "severe" impairments as groundless.

Plaintiff alleges that the ALJ erred in finding that her obstructive sleep apnea and osteoarthritis of the bilateral hands were not "severe." Pl.'s Soc. Sec. Br. 12.

At step two of the disability evaluation process, the ALJ decides whether a claimant's impairment, or combination of impairments, is "severe" within the meaning of the Regulations. 20 C.F.R. § 404.1520(a)(4)(ii). A "severe" impairment "significantly limits [a claimant's] physical or mental ability to do basic work activities." § 404.1520(c). Step two is a baseline "screening device used to dispose of groundless claims." *Webb*, 433 F.3d at 687 (citation omitted).

The ALJ reasonably found that Plaintiff's sleep apnea is "well controlled" with medication and constant positive airway pressure ("CPAP") therapy. Tr. 15. The ALJ stated that Plaintiff's

obstructive sleep apnea was confirmed in a sleep study that postdated her date last insured. *Id.* The ALJ considered several medical reports demonstrating that Plaintiff's insomnia is well-managed with medication. Tr. 15, 356, 393, 416. The ALJ also noted that Plaintiff relayed to a medical provider in 2022 that she had used a CPAP in the past, but lost the machine and had been without it for months. *Id.* 15, 586.

Plaintiff maintains that the ALJ neglected to account for Plaintiff's testimony that she was extremely fatigued and drowsy in March 2013. Pl.'s Soc. Sec. Br. 13. However, the medical records stating that Plaintiff's insomnia is "well controlled" postdate 2013. *See, e.g.,* Tr. 356. There is substantial evidence to support the ALJ's finding that Plaintiff's sleep apnea did not significantly limit her physical or mental ability to do basic work activities during the relevant period.

As to Plaintiff's osteoarthritis, the ALJ reasonably found the impairment was not severe. For instance, the ALJ cited Plaintiff's medical records dating from 2012 in which the provider concluded "minimal osteoarthritis." Tr. 14, 871. The ALJ also referenced a 2014 report noting "[p]ain is totally in control." *Id.* 803. Plaintiff avers that the ALJ failed to properly consider her hearing testimony that her arthritis was disabling. Pl.'s Soc. Sec. Br. 14. Yet Plaintiff identifies no error in the records the ALJ used to determine that her only two severe impairments were degenerative joint disease of the right knee and obesity.

Based on the record, substantial evidence supports the ALJ's finding that Plaintiff's osteoarthritis was not severe during the relevant time. *See, e.g., Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) (holding substantial evidence supports an actual finding that the claimant was not disabled despite appellant's argument that the ALJ "accorded insufficient deference to [her] views.").

/ / / /

6 – Opinion & Order

III.    **Whether the ALJ failed to conduct a proper evaluation at step three.**

Plaintiff contends that the ALJ erred by finding that her sleep apnea was not "severe" at step two and thus the ALJ neglected "to conduct an adequate analysis" at step three. Pl.'s Soc. Sec. Br. 14–15. The Court construes Plaintiff's argument as alleging that the ALJ harmfully erred by ignoring evidence of her sleep study, which establishes that Plaintiff's sleep apnea meets or equals a listing. *Id.* 15.

At step three, the ALJ determines whether a claimant's impairment or combination of impairments meets or equals a condition outlined in the "Listing of Impairments." *See* C.F.R. § 404.1520(a)(4)(iii); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). If a claimant's impairment meets or equals a listing, they are presumed disabled regardless of their ability to perform past relevant work. *Lewis*, 236 F.3d at 512.

The Listing of Impairments describes impairments of the major body systems considered "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). Most of these impairments "are permanent or expected to result in death." § 404.1525(c)(4).

A claimant's impairment cannot meet a listing based only on a diagnosis. § 404.1525(d). Claimants bear the burden of showing that their impairments meet all the criteria of each listing as well as the duration requirement. § 404.1525(c)(3); *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citation omitted) ("An impairment that manifests only some of [the listed] criteria, no matter how severely, does not qualify.").

The ALJ reasonably found that Plaintiff's sleep apnea does not satisfy all the criteria to meet or equal a listing. Plaintiff bears the burden of establishing that her sleep apnea met Listing 3.02C3 during the relevant period. *See* Pl.'s Soc. Sec. Br. 15. Plaintiff cites a May 2013 sleep

7 – Opinion & Order

study, which occurred two months after her date last insured, as evidence that her sleep apnea satisfies the criteria. *Id.* Plaintiff also vaguely references the "longitudinal record from 2010 to 2013" that "shows progressive impairment" regarding her sleep apnea. Pl.'s Reply Br. 9, ECF No. 12. But Plaintiff falls short of her burden to establish that her sleep apnea met the listing criteria and duration requirement before March 31, 2013. Plaintiff instead attempts to shift her burden at step three to the ALJ. Based on the record, the ALJ reasonably evaluated Plaintiff's sleep apnea and found that her impairments did not meet or equal a listing.

## IV.    Whether the ALJ conducted a proper credibility evaluation.

Plaintiff alleges that the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. Pl.'s Soc. Sec. Br. 16. Plaintiff maintains that the ALJ "offered little more than vague assertions that [Plaintiff's] allegations are unsupported by the objective medical evidence of record, contrary to law." *Id.*

When evaluating the credibility of a claimant's symptom testimony, the ALJ conducts a two-step analysis. *E.g., Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The first step asks whether the claimant has offered "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted). Here, the ALJ found that Plaintiff met this first test. Tr. 18.

At step two, absent malingering, an ALJ can reject a claimant's testimony "about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (citation omitted). An ALJ must "specify what testimony is not credible" and identify the undermining evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

8 – Opinion & Order

There is substantial evidence that the ALJ specifically identified undermining evidence and illustrated how Plaintiff's testimony about her symptoms is not entirely consistent with objective medical evidence in the record. For instance, the ALJ noted x-rays from 2009 and an MRI from 2011 showing slight degenerative changes in Plaintiff's right knee. Tr. 18–19, 915, 967–68. The ALJ explained that Plaintiff "relied only on routine and conservative treatment" for her pain. *Id.* 19, 913, 945.

Plaintiff also avers that the ALJ improperly rejected her symptom testimony "on the basis of her daily activities." Pl.'s Soc. Sec. Br. 16. Specifically, the ALJ "overstat[ed] her activity level" and neglected "to identify any activities inconsistent with her testimony." *Id.* 17. This Court agrees that Plaintiff's duties in caring for her grandfather may not be like typical work responsibilities, especially considering Plaintiff's testimony about requiring her husband's assistance during pain flare ups. *Id.* 17; Tr. 44–45; *see also Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (finding the ALJ mischaracterized the plaintiff's testimony about her daily activities by ignoring that she required heavy assistance from her mother).

Further, cooking meals, occasional shopping trips, paying bills, and caring for pets are unlike "typical work responsibilities." *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017). In concluding that Plaintiff's "subjective reports of symptom intensity, persistence, and limiting effects do not support her allegations of disabling limitations" during the relevant period, the ALJ stated that Plaintiff was "taking care of the house." Tr. 19. Staying home and taking care of the house could still mean "an inability to function in a workplace environment." *Garrison*, 759 F.3d at 1016.

But the ALJ also cited evidence that Plaintiff reported "exercising daily" in 2012, including "swimming, running on a treadmill, and lifting weights." *Id.* 19, 888. This evidence postdates the

9 – Opinion & Order

period that Plaintiff testified to needing heavy assistance to take care of her grandfather. And the ALJ found that, "as of her [date last insured], the claimant experienced right knee pain and swelling, but her complaints were sporadic and her treatment was sparse, routine, and conservative." *Id.* 19.

The ALJ acknowledged that Plaintiff's right knee degenerated so much that she required a "total arthroplasty" in 2021. Tr. 19. However, this was over eight years after her date last insured. The ALJ also referenced Plaintiff's report to a medical provider in 2015 that she walked two miles per day for exercise. *Id.* 19–20, 771. That same report documented Plaintiff swimming, running on the treadmill, and lifting weights daily. *Id.* 20, 772. The ALJ also noted several medical records from 2015 and 2020 that showed only mild degenerative changes in Plaintiff's knee. *Id.* 20, 383–84, 763. The ALJ is not required to weigh Plaintiff's subjective testimony above all objective medical evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (explaining an ALJ is not required to "simply accept a claimant's subjective symptom testimony notwithstanding inconsistencies between that testimony and the other objective medical evidence in the record.").

The Court disagrees that the ALJ failed to identify what testimony is not credible and why. The ALJ provided clear and convincing reasons to support finding that Plaintiff's limitations were not as severe as she claimed. *See* Tr. 19. "Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work, which the ALJ did here." *Smartt*, 53 F.4th at 499.

V.     **Whether the ALJ conducted an adequate analysis at step five.**

According to Plaintiff, the vocational testimony that the ALJ elicited at Plaintiff's hearing lacks evidentiary value because it stemmed from an incomplete hypothetical. Pl.'s Soc. Sec. Br. 18. The hypothetical, Plaintiff argues, omitted "well-supported limitations that the ALJ neglected to include in the RFC." *Id.* When Plaintiff's Counsel posed these limitations to the vocational

10 – Opinion & Order

expert at Plaintiff's hearing, the expert testified that some would preclude competitive employment. *Id.* 19; Tr. 64, 66–67.

If a hypothetical to a vocational expert does not reflect all the claimant's limitations, it "has not evidentiary value to support a finding that the claimant can perform jobs in the national economy." *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991). But in arguing that an ALJ's hypothetical was incomplete, a plaintiff cannot "simply restate[] her argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted her testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008).

Plaintiff's step five argument hinges on her contention that the ALJ erred in finding her symptom testimony inconsistent with medical evidence in the record. This Court has already concluded that Plaintiff's credibility argument is unavailing. There record contains substantial evidence to support Plaintiff's limitations as found by the ALJ. Tr. 21–22.

## CONCLUSION

Because substantial evidence supports a finding of non-disability, the Commissioner's decision is **AFFIRMED**.

IT IS SO ORDERED.

DATED this _____ day of April, 2026.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

11 – Opinion & Order